UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


| | |
|---|---|
| CHADWICK WRIGHT (#368195) | CIVIL ACTION |
| VERSUS | |
| LT. WILLIAMS SMITH, ET AL. | NO. 13-0775-JWD-RLB |

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on January 23, 2015.

                                                                       RICHARD L. BOURGEOIS, JR.
                                                                       UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHADWICK WRIGHT (#368195)                                CIVIL ACTION

VERSUS

LT. WILLIAMS SMITH, ET AL.                               NO. 13-0775-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion for Partial Summary Judgment (R. Doc. 10). This Motion is opposed.

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. William Smith, Capt. Gary Aymond, Nurse Supervisor Katherine Bell and an unidentified "Jane Doe" medical technician employed at LSP, complaining that the defendants violated his constitutional rights in several respects. Specifically, the plaintiff alleges that on April 20, 2012, defendant Aymond charged the plaintiff with a retaliatory disciplinary report in response to the plaintiff's exercise of his First Amendment right to seek redress of grievances and that on June 30, 2012, defendant Aymond and the remaining defendants variously subjected the plaintiff to an improper search, charged him with false and retaliatory disciplinary reports, subjected him to excessive force, and exhibited deliberate indifference to his serious medical needs.[1]

---

1. Neither Katherine Bell nor the unidentified "Jane Doe" defendant have been served in this case. As for the "Jane Doe" defendant, the plaintiff has never provided the identity of this person so that service could be effected upon her. As for defendant Katherine Bell, an initial attempt to serve this defendant through the Louisiana Department of Public Safety and Corrections was unsuccessful because defendant Bell was no longer employed by the State of Louisiana. *See* R. Doc. 9. Although the plaintiff thereafter provided a purported last known address for this defendant and sought and obtained extensions of time within which to effect

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's pertinent administrative remedy proceedings, a copy of a civil Complaint filed by the plaintiff in a prior proceeding pending before this Court, and the affidavit of Rhonda Z. Weldon.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary

---

service upon her, *see* R. Docs. 27 and 30, a subsequent attempt at service by the United States Marshal's Office again proved unsuccessful because the address provided by the plaintiff was a "bad address" for the defendant. *See* R. Doc. 31. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is justification for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims asserted against Katherine Bell and the unidentified "Jane Doe" defendant be dismissed, without prejudice, for failure of the plaintiff to timely effect service upon them.

judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges that during a ten-day period preceding April 20, 2012, he learned from several sources that defendant Gary Aymond was planning to retaliate against the plaintiff if the plaintiff did not voluntarily withdraw an administrative grievance that the plaintiff had filed against the defendant. After the plaintiff advised defendant Aymond that the plaintiff would not withdraw the referenced grievance, the defendant allegedly approached the plaintiff on April 20, 2012, stated "what did I tell you," and escorted the plaintiff to administrative segregation in connection with an allegedly falsified disciplinary report. The plaintiff complains that he was thereafter found guilty in connection with that report and was sentenced to segregated confinement and to a loss of fifty-two weeks of incentive pay.

Approximately two months later, on June 27, 2012, the plaintiff was transferred from segregated confinement to a working cellblock at LSP. Three days later, on June 30, 2012, defendant Aymond allegedly visited the plaintiff's cell with another officer and conducted a search of the plaintiff's belongings. According to the plaintiff, defendant Aymond falsely purported to discover "contraband" in the plaintiff's cell and instructed the other officer to issue

the plaintiff a disciplinary report (omitting any reference to defendant Aymond's presence during the search), causing the plaintiff to again be escorted to administrative segregation. Upon arrival in segregated confinement, the plaintiff was allegedly placed in the shower cell at that location while awaiting assignment to a cell. While he was waiting, defendant Katherine Bell allegedly arrived on the cell tier to dispense medications and, without justification, falsely accused the plaintiff of masturbating in the shower cell. Several hours later on the same date, defendants Aymond and Smith approached the plaintiff in the shower cell and proceeded to spray him with irritant spray without justification or provocation, and one of these officers threw a food tray and some dirty cleaning water on the plaintiff during the incident. According to the plaintiff, the unprovoked use of chemical agent was not unusual inasmuch as there is an alleged "customary practice" at LSP, pursuant to which supervisory security officers routinely "use chemical agent on inmates whenever a female security guard accuses an inmate of masturbating." In addition to the foregoing, the plaintiff asserts that defendants Bell and Smith issued two additional disciplinary reports against the plaintiff in connection with the above-referenced incidents of June 30, 2012, falsely accusing the plaintiff, respectively, of engaging in a "sex offense" and of "aggravated disobedience," the latter for allegedly causing a disturbance in his cell that required the application of irritant spray. The plaintiff asserts that defendant Smith's disciplinary report of that date again omitted any reference to the presence of defendant Aymond.

Finally, the plaintiff complains that immediately after the application of irritant spray by defendants Smith and Aymond on June 30, 2012, defendant Aymond instructed the plaintiff to take a shower and change into a fresh jumpsuit. The plaintiff refused, however, believing that the shower water was too hot and believing, from past experience, that the hot water would aggravate the effects of the chemical agent. Ultimately, however, after assistance was provided

by another security officer, Sgt. Frye (not named as a defendant herein), the plaintiff agreed to change into a clean jumpsuit, and a medical officer arrived on the tier, identified as defendant "Jane Doe," who attended to the plaintiff's complaints. The plaintiff complains, however, that defendant "Doe" refused to assist the plaintiff in obtaining access to cold water to rinse away the residual chemical agent and, as a result, the plaintiff suffered chemical burns to his head. The plaintiff also complains that he was ultimately found guilty of the three (3) disciplinary reports issued against him by security officers on that date and was sentenced to a loss of fifty-two (52) weeks of incentive pay and eight (8) weeks of canteen privileges in connection with the "contraband" charge issued at the instruction of defendant Aymond, to a loss of fifty-two (52) weeks of incentive pay and eight (8) weeks of canteen privileges in connection with the "sex offense" charge issued by defendant Bell, and to monetary restitution in the amount of $ 2.00 and a transfer to punitive segregated confinement at Camp J at LSP in connection with the "aggravated disobedience" charge issued by defendant Smith. According to the plaintiff, all of the events of June 30, 2012, were part of a continuing plan by defendant Aymond to retaliate against the plaintiff.

In response to the plaintiff's claims, the defendants assert that all of the plaintiff's claims are subject to dismissal as being time-barred. As discussed below, however, whereas the defendants' motion is well-taken in connection with the events of April 20, 2012, the Court finds that the defendants' motion should be denied in connection with the events of June 30, 2012.

It is well-settled that, inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492.

Moreover, under federal law, a cause of action under 42 U.S.C. § 1983 accrues "when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citations and internal quotation marks omitted). A plaintiff need not realize that a legal cause of action exists but must only have knowledge of the facts that support a claim. *Id.* Under Louisiana law, a party pleading a limitations defense normally has the burden of establishing the elements of the defense. *See Savoy v. St. Landry Parish Council*, 2009 WL 4571851, *3 (W.D. La. Dec. 1, 2009). However, when the face of the Complaint reflects that more than a year has passed since the events complained of, the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled. *Id.*

In the instant case, addressing first the plaintiff's claims arising from the events of April 20, 2012, on which date defendant Aymond allegedly issued the plaintiff a false disciplinary charge in retaliation for the plaintiff's refusal to withdraw an administrative grievance, it is clear that the plaintiff knew or should have known on that date, by reason of the defendant's threats of retaliation during the preceding ten days – and certainly by April 25, 2012, when the plaintiff was found guilty and sentenced in connection with the referenced disciplinary charge – of the factual basis for a claim of retaliation.[2] Ordinarily, therefore, any claim that the plaintiff may have had against defendant Aymond relative to the false and retaliatory disciplinary report and

---

2. *See, e.g., McKinney v. Williams*, 201 Fed. Appx. 255 (5th Cir. 2006) (upholding a lower court's determination that an inmate's claim regarding an allegedly false and retaliatory disciplinary charge accrued on the date that the plaintiff was brought before a disciplinary board and found guilty of the charge). *Cf., Young v. Cain*, 2012 WL 275091, *3 at note 2 (M.D. La. Jan. 6, 2012) (concluding that an inmate's retaliation claim accrued when the offending disciplinary charge was issued against the inmate, but also addressing, though not deciding, an assertion by the inmate that the claim accrued when the plaintiff was brought before a disciplinary board).

punishment of April 20 and 25, 2012, would be seen to have prescribed no later than April 25, 2013, the one-year anniversary of the incident and disciplinary sentence complained of. Further, inasmuch as the plaintiff did not file his federal Complaint until, at the earliest, November 28, 2013, it appears from the face of the Complaint that his claims relative to April 20 and 25, 2012, are time-barred.[3] Accordingly, the burden of proof shifts to the plaintiff to show that the limitations period was interrupted or tolled during the one-year period.

In seeking to avoid the effect of the one-year limitations period, the plaintiff contends that he filed an administrative grievance against prison officials relative to the claims asserted herein and that, in computing the applicable limitations period, this Court is obligated to take into account the time during which the plaintiff's administrative grievance was pending within the prison system. *See Harris v. Hegmann*, 198 F.3d 153, 158-59 (5th Cir. 1999) (concluding that the pendency of a properly-filed administrative grievance will act to toll or suspend the running of the one-year limitations period for a prisoner's claim). He further asserts that inasmuch as his administrative proceedings were not completed until January 8, 2013, and that he did not receive the final decision of prison officials in connection with his grievance until January 24, 2013, he should be seen to have had one year from the latter date, or until January 24, 2014, within which to file his federal Complaint. Accordingly, he contends that his Complaint filed on November 28, 2013, is timely.

---

3. Although the plaintiff's Complaint was received and docketed in this Court on December 2, 2013, an inmate's *pro se* Complaint is considered to have been filed when it is presented to prison officials or placed in the prison mailing system for transmission to the Court, not on the date that it is received by the Court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 2008 WL 553186, *3 (E.D. La. Feb. 28, 2008). Accordingly, the Court will utilize November 28, 2013, as the plaintiff's filing date, which is the date that he apparently signed his Complaint and which is therefore the earliest date that he may have submitted this pleading to prison officials for mailing to the Court.

The plaintiff is only partially correct in his argument regarding the application of the limitations period. Specifically, he is correct that, in calculating the applicable limitations period, the Court is required to take into account the time during which the plaintiff's administrative grievance was pending within the prison system. *See Harris v. Hegmann*, *supra*. However, the filing of an administrative grievance only suspends, and does not interrupt, the running of the prescriptive period. *See* La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] ... grievance and shall continue to be suspended until the final agency decision is delivered"). As explained in *Adams v. Stalder*, 934 So.2d 722 (La. App. 1st Cir. 2006):

> The concepts of interruption and suspension are ... distinguishable. If prescription is interrupted, the time that has run is not counted, and prescription commences to run anew from the last day of interruption.... By contrast, if prescription is suspended, the period of suspension is not counted toward the accrual of prescription but the time that has previously run is counted.... In other words, if the one-year prescriptive period ... is suspended for any reason, the clock merely stops running during the suspension, and thereafter the obligee has only so much of the one year as was remaining when the suspension began.

*Id.* at 725-26. Accordingly, in light of the suspension of the applicable limitations period, this Court is required to count the passage of days that elapsed *both before and after* the filing of the pertinent administrative grievance.

Applying the foregoing first in connection with the plaintiff's claims relative to the events of April, 2012 – when defendant Aymond allegedly issued a retaliatory disciplinary report against the plaintiff and when the plaintiff was found guilty in connection with that report –the Court has concluded that the plaintiff's claim accrued, at the latest, on April 25, 2012, commencing the running of the one-year limitations period. Inasmuch as the plaintiff's administrative record does not reflect that he submitted an administrative grievance to prison

officials until, at the earliest, August 2, 2012,[4] he allowed ninety-nine (99) days to elapse from the one-year limitations period before he suspended the running of the time clock. Thereafter, when the referenced administrative grievance proceeding was concluded, through his receipt of the final agency response on January 24, 2013,[5] an additional three hundred and eight (308) days elapsed before he signed and submitted his federal Complaint to this Court on November 28, 2013. When the ninety-nine (99) days are added to the three hundred and eight (308) days, it is clear that no fewer than four hundred and seven (407) days, or more than a year, elapsed prior to his filing of the instant proceeding herein. The plaintiff has failed, therefore, to meet his burden

---

4. The plaintiff's administrative grievance is hand-dated August 2, 2012, and there are two (2) stamped notations on the certified copy of the grievance in the plaintiff's administrative record, one reflecting receipt of the grievance in the LSP Warden's Office on August 7, 2012, and one reflecting receipt in the LSP Legal Programs Department on August 13, 2012. *See* R. Doc. 15-4 at p. 3. The defendants have utilized the August 13 date in making their calculations relative to the running of the limitations period. However, inasmuch as the Prison Administrative Remedy Procedure provides that a prisoner commences the administrative process merely by "completing a request for administrative remedy" or "writing a letter to the warden," and inasmuch as the deadline for responding to an inmate's grievance begins on the date the grievance is "received" by the warden's office, *see* La. Admin. Code Tit. 22, Pt. I, §§ 325(G)(1)(a)(i) and 325(J)(1)(a)(ii), it appears more appropriate to utilize either the August 2 date (when the plaintiff signed the grievance) or the August 7 date (when it was received in the warden's office). Notwithstanding, whereas the Court will utilize, for ease of discussion, the August 2, 2012, date in making its calculations herein, the result arrived at by the Court would be the same whichever of the three dates is utilized in this case.

5. Where as the defendants have utilized January 8, 2013 – the date upon which prison officials signed the plaintiff's final second-step determination in connection with his grievance – as the date upon which the limitations period again started to run, the certified administrative record reflects that the plaintiff did not receive a copy of that determination until January 24, 2013. *See* R. Doc. 15-4 at p. 29. Inasmuch as the La. R.S. 15:1172(E) provides that the limitations period is "suspended until the final agency decision is *delivered*" (emphasis added), it appears that the latter date is appropriate for use by the Court in calculating the re-commencement of the limitations period. *See also Harris v. Hegmann, supra*, 198 F.3d at 160 (noting that an inmate's claim was timely when filed "within one year after [the inmate] *received* final notice that his administrative complaint was dismissed" (emphasis added); *Daley v. Micieli*, 2013 WL 5516467, *3 (W. D. La. oct. 2, 2013) (concluding that an inmate's administrative remedies "were not exhausted until he received his final reply denying relief").

of establishing that his claims arising from the events of April 20 and 25, 2012, are not time-barred, and these claims are subject to dismissal for this reason.

Notwithstanding the foregoing, a different calculation applies in connection with the plaintiff's claims regarding the events of June 30, 2012. Specifically, when the plaintiff asserted these claims in his administrative grievance of August 2, 2012, only thirty-three (33) days of the one-year period may be counted as having elapsed relative to those claims before the filing of the grievance. Thereafter, when the plaintiff's administrative grievance proceeding was concluded, through his receipt of the final agency response on January 24, 2013, he had three hundred and thirty-two (332) days remaining in the one-year limitations period. Accordingly, when he submitted his federal Complaint to this Court on November 28, 2013, three hundred and eight (308) days later, less than one year (a total of three hundred forty-one (341) days) had elapsed. His claims relative to the events of June 30, 2012, therefore, are timely, and the defendants' motion to dismiss should be denied relative to these claims.

The defendants next contend, in the alternative, that any claims that the Court determines are not time-barred should be transferred and consolidated with an earlier lawsuit filed by the plaintiff before this Court that the defendants contend includes identical claims. *See Chadwick Wright v. Williams Smith, et al.*, Civil Action No. 13-CV-0342-JWD-SCR. Notwithstanding, whereas a review of the plaintiff's complaint in that earlier-filed case reflects that he initially asserted claims against defendants William Smith and Gary Aymond that included, *inter alia*, claims relative to the events of April 20 and June 30, 2012, the plaintiff thereafter voluntarily dismissed, without prejudice, all claims in that proceeding except claims relative to an earlier unrelated incident of alleged excessive force and deliberate indifference occurring in March, 2012. *See* R. Docs. 15, 18 and 20 in Civil Action No. 13-CV-0342-JWD-SCR. As a result, that

earlier-filed case does not present claims that are identical to or related to those asserted in the above-captioned proceeding, and the Court finds that a consolidation of the two proceedings is unwarranted.

## RECOMMENDATION

It is recommended that the plaintiff's claims asserted against defendants Katherine Bell and "Jane Doe" be dismissed, without prejudice, for failure of the plaintiff to serve these defendants within 120 days as mandated by Fed. R. Civ. P. 4(m). It is further recommended that the Motion for Partial Summary Judgment of the remaining defendants (R. Doc. 10) be granted in part, dismissing as time-barred the plaintiff's claims relative to events occurring on April 20, 2012, and denied in part relative to events occurring on June 30, 2012, and that this matter be referred back for further proceedings.

Signed in Baton Rouge, Louisiana, on January 23, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**