UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHADWICK WRIGHT (#368195)**                                    **CIVIL ACTION**

**VERSUS**

**LT. WILLIAMS SMITH, ET AL.**                                    **NO. 13-775-JWD-RLB**

**ORDER**

This matter comes before the Court on the plaintiff's Motion for Leave to Seek Discovery from the defendants (R. Doc. 52). The plaintiff previously requested additional time to conduct discovery, which was denied with permission being granted to the plaintiff to seek leave to pursue additional discovery pending resolution of the plaintiff's Motion to Compel. *See* R. Doc. 45. On January 11, 2016, the Court granted the plaintiff's Motion to Compel in part and directed the defendants to produce, among other things, the Camp D Hawk Units 1 and 2 Chemical Agent Logbooks for the month of June, 2012. *See* R. Doc. 48. The defendants complied with the Court's Order on January 19, 2016, and upon reviewing the defendants' responses the plaintiff now asserts that he is in need of additional discovery.

The plaintiff has asserted that on June 30, 2012 he was sprayed simultaneously with a chemical agent by the defendants in retaliation for filing a grievance against Defendant Aymond. With regards to his Motion, the plaintiff asserts that the referenced Logbooks do not reflect the presence of defendant Aymond at the time a chemical agent was used on the plaintiff, and the plaintiff seeks production of the Camp D Captain's Office logs for June 30, 2012 in order to confirm or refute the defendants' assertion that defendant Aymond was not present. The plaintiff also asserts that the referenced logs reveal that, prior to the incident in question, defendant Smith

replaced a partially full can of chemical agent, and the plaintiff seeks production of the armory logs to ascertain if and when the partially full can of chemical agent was returned to the armory. The referenced log does contain a notation by defendant Smith that on June 21, 2012 can number five (5), containing seventy (70) grams of chemical agent, was replaced due to leakage.  *See* R. Doc. 49-1, p. 25.

The defendants have filed a Motion for Summary Judgment (R. Doc. 46) asserting that they are entitled to qualified immunity, and as a general rule, the assertion of the defense of qualified immunity places substantial limitations upon the conduct of discovery.  *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995) (finding that because qualified immunity is an immunity, not just from liability, but also from the burdens of discovery, "[t]he district court may ban discovery at [the] threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity .... [and] need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts").

In the instant case, the Court finds that the requested Camp D Captain's Office logs for June 30, 2012, and the requested armory log for the relevant time period reflecting the return of the chemical agent can at issue will aid the Court in addressing the defendants' assertion of the defense of qualified immunity.  The Court notes that the plaintiff has not attached a copy of the discovery he proposes to propound; nevertheless, the Court will construe the plaintiff's Motion as a formal request for discovery and will direct the defendants to respond to these two requests as set forth below.

The plaintiff has also requested the Camp D Hawk 1 and 2 unit A-Team logs for June 1, 2, 3, 6, 7, 11, 12, 15, 16, 17, 20, 21, 25, 26, 29, and 30, 2012, and copies of any unusual

occurrence or disciplinary reports involving the use of a chemical agent at Camp D Hawk Units 1 and 2 on June 2, 3, 7, and 20, 2012.  The plaintiff asserts that these documents will establish the defendants' habit of using chemical agents against inmates, and using a pattern template of disciplinary violations to justify the use of chemical agents.  The Court finds that plaintiff's assertions are speculative, and further finds that the Court can address the defendants' assertion of qualified immunity without the need for the A-Team Logs, unusual occurrence reports, and disciplinary reports requested by the plaintiff.  The plaintiff's Motion will be denied as to these requests.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion (R. Doc. 52) be and is **GRANTED IN PART**, and the defendants' are directed to provide, within seven (7) days of the date of this Order, the Camp D Captain's Office logs for June 30, 2012; and the armory log for the period of June 20, 2012 to July 1, 2012 reflecting the return of any can of chemical agent and specifically the can #5 identified in R. Doc. 49-1 at 25.

**IT IS FURTHER ORDERED** that in all other regards the plaintiff's Motion (R. Doc. 52) be and is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 5, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**